**Robert T. OSHEIM, Plaintiff,**

**v.**

**UNITED STATES CIVIL SERVICE COMMISSION and City of Milwaukee, Wisconsin, Defendants.**

**No. 66–C–119.**

United States District Court E. D. Wisconsin.

April 24, 1969.

David L. Walther, Milwaukee, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Thomas E. Weil, Asst. U. S. Atty., Milwaukee, Wis., for defendant, United States Civil Service Commission.

John J. Fleming, City Atty., and John F. Cook, Asst. City Atty., Milwaukee Wis., for defendant, City of Milwaukee.

## OPINION AND ORDER ON COMMISSION'S MOTION FOR SUMMARY JUDGMENT

REYNOLDS, District Judge.

On January 29, 1965, the Civil Service Commission charged Robert T. Osheim (hereinafter referred to as "Osheim") with violation of § 12(a) of the Hatch Act.* Osheim was charged with taking an active part in political management or in political campaigns in that he (1) invited people to a meeting at his home for the purpose of discussing possible candidates and the organization of a new Ward Unit of the Democratic Party, (2) held the aforementioned meeting in his home, (3) nominated a person for chairman of the Unit at a subsequent organizational meeting of the Ward Unit, (4) accepted election to the office of alternate delegate to the Milwaukee County Council of the Democratic Party, (5) accepted appointment to the position of temporary publicity chairman of the Unit and issued a press release in that capacity, and (6) accepted appointment to the position of chairman of the membership committee of the Unit.

Osheim has been employed by the City of Milwaukee since 1955. The alleged political activity occurred in 1964 while Osheim was employed as Relocation Supervisor, Department of City Development, City of Milwaukee (hereinafter referred to as "City"), for Urban Renewal Project WIS R–1 (A), two-thirds of which project was financed by Federal funds.

There is no dispute as to Osheim's employment or that it was substantially

Federally funded. Osheim contended (1) that the "Democratic Party" designated in the charges was a voluntary association and not the statutory Democratic Party provided in Wisconsin law which chooses the candidates; (2) that his activities were not "political management" as contemplated in the Hatch Act; and (3) that he did not accept or function in any of the offices he was charged with holding in the 18th Ward Democratic Unit or the Milwaukee County Council of the Democratic Party.

A hearing was held on April 15, 1965, before a hearing examiner of the United States Civil Service Commission (hereinafter referred to as "Commission"). Osheim, the City, and the Commission were represented by counsel. All had an opportunity to introduce evidence, cross-examine witnesses, and argue their positions.

On March 22, 1966, a report and order of the Commission was filed which substantially adopted the hearing examiner's final report. The Commission found that Osheim had violated the Act as charged and that such violation warranted his removal from office. An order pursuant to the findings was issued, and Osheim filed a timely petition for review of that order.

On April 4, 1966, the City was officially notified of the Commission's report and order. The pertinent portion of the Commission's order which Osheim seeks to have reviewed by this court states:

"*IT IS ORDERED* that the records of the Commission show that the respondent, Robert T. Osheim, violated the provisions of Section 12(a) of the Hatch Act, and that the violation warrants removal from his position as Relocation Supervisor, Department of City Development, City of Milwaukee, Wisconsin."

Osheim filed a petition for review. At the time the petition for review was

* Previously 5 U.S.C. § 118k(a), now 5 U.S.C. § 1502(a) which reads:
5 U.S.C. § 1502—"(a) A State or local officer or employee may not—

*   *   *   *   *
"(3) take an active part in political management or in political campaigns."

filed, an order was signed at Osheim's request by United States District Judge Grubb which provided:

"* * * that said Order of the Commission be and the same hereby is stayed during the pendency of the within proceedings."

An answer to the petition for review was filed, and the transcript of the proceedings before the Commission was filed with the court.

The Commission has now moved for summary judgment and filed supporting briefs and affidavits. Osheim claims that because he was not suspended by the City there no longer is a controversy as to him and that therefore the matter is moot as far as he is concerned.

The City takes no position on the merits of the case but claims that the matter is not moot and should be decided.

The questions to be decided are: (1) Is the appeal moot because of failure of the City to remove Osheim, and, if the appeal is not moot, (2) is the Commission entitled to summary judgment upholding its determination and order?

## IS THE APPEAL MOOT BECAUSE OF THE FAILURE OF THE CITY TO REMOVE OSHEIM?

■ Osheim claims that his appeal is moot because he has not been removed from his position with the City in accordance with 5 U.S.C. §§ 1506 and 1508 (previously § 118k(b) and (c) of the Hatch Act) which provide as follows:

§ 1506.

"(a) When the Civil Service Commission finds—

"(1) that a State or local officer or employee has not been removed from his office or employment within 30 days after notice of a determination by the Commission that he has violated section 1502 of this title and that the violation warrants removal; * * *

\* \* \* \* \* \*

the Commission shall make and certify to the appropriate Federal agency an order requiring that agency to withhold from its loans or grants to the State or local agency to which notice was given an amount equal to 2 years' pay at the rate the officer or employee was receiving at the time of the violation. * * *"

Section 1508 deals with judicial review and provides in relevant part as follows:

"A party aggrieved by a determination or order of the Civil Service Commission under section 1504, 1505, or 1506 of this title may, within 30 days after the mailing of notice of the determination or order, institute proceedings for review thereof by filing a petition in the United States District Court for the district in which the State or local officer or employee resides. The institution of the proceedings does not operate as a stay of the determination or order unless—

"(1) the court specifically orders a stay; and

"(2) the officer or employee is suspended from his office or employment while the proceedings are pending."

■ Osheim's position is without merit. The reason Osheim was not removed from the City was because of the stay order issued by Judge Grubb at Osheim's request. The effect of this stay order was to maintain the *status quo*. This order was issued to give Osheim an opportunity to contest the propriety of the Commission's order, and it postponed the effective date of the Commission's action or enforcement and preserved the rights of the parties until such time as the court could determine the legality of the Commission's order. Preservation of the *status quo* pending final determination of the action is within the power of the court. See Scripps-Howard Radio v. F. C. C., 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229 (1942); Black Diamond Steamship Corp. v. Robert Stewart & Sons, 336 U.S. 386, 69 S.Ct. 622, 93 L.Ed. 754 (1949); Davis, Administrative Law Treatise, § 23.19 (1958).

In State of Utah v. United States, 286 F.2d 30 (10th Cir. 1961), there was no suspension of the employee who was

found to have violated the Hatch Act, and there was no judicial stay of the discharge order. The United States argued that the appeal was moot since neither of these actions had occurred. The court summarized its position on this question of mootness by saying at page 33:

"* * * The effect of this argument is to hold that a judicial stay of the discharging order and a suspension of the appealing employees is a jurisdictional prerequisite to the right of judicial review of the merits of the Commission's determination. We do not think Congress intended to impose any such procedural prerequisites.

* * * * * *

"* * * We hold that the issues did not become moot when and if the discharging orders became effective for failure to stay and suspend."

Certainly if the issues do not become moot when there is not a stay order, they do not become moot when there is a stay order.

The appeal from the determination and order of the Civil Service Commission is not moot, and the merits of the controversy must be decided.

## IS THE CIVIL SERVICE COMMISSION ENTITLED TO SUMMARY JUDGMENT UPHOLDING THE COMMISSION REPORT AND ORDER?

Rule 56 of the Federal Rules of Civil Procedure allows summary judgment only when there are no issues of fact in dispute. The scope of review provided in the Hatch Act, 5 U.S.C. § 1598, limits the court's review to the record of proceedings before the Commission. The alternatives available to a court reviewing a Commission finding and order are to (1) return the proceedings to the Commission to take further evidence, (2) affirm the determination of the Commission if it is in accordance with law, or (3) remand to the Commission, if its determination was not in accordance with law, for such other action as, in the opinion of the court, the law requires.

No party has urged that the proceeding be returned to the Commission on the ground that there is additional evidence which would materially affect the result of the proceedings. Consequently, the first alternative is not available in this case.

This court has carefully studied the record of all the proceedings before the Commission. It is clear that the evidence supports the facts found by the Commission. As a matter of fact, during his testimony before the examiner, Osheim in effect admitted that the charges were true. There was no controversy over the following facts:

A meeting was held in Osheim's home for the purpose of discussing the reorganization of the 18th Ward Unit of the Milwaukee Democratic Party which was part of the Democratic Party of Wisconsin. The reorganization became necessary because of the recently enacted redistricting of the wards. Twenty persons attended this meeting pursuant to mimeographed invitations composed by Osheim and his friend Mr. Kramer and sent out over the name of Osheim.

The Ward Unit was subsequently organized and officers elected, and Osheim nominated Kramer as chairman. Osheim was elected as an alternate delegate to the Milwaukee County Council of the Democratic Party at this meeting Osheim was also designated temporary publicity chairman of the Ward Unit and in that capacity issued a news release.

In September, Osheim was appointed membership chairman of the Unit and resigned when the Commission started to investigate the matter in October.

The Democratic Party of Wisconsin is a voluntary political association whose purpose is to elect candidates nominated by the statutory Democratic Party.

The only real question is whether the Commission applied an erroneous view of the law when it rejected Osheim's contention that the 18th Ward Democratic Unit was more a "political club" and "an intellectual debating society" than a "political party" as contemplated by the

Act. If the Commission was correct, then it is entitled to summary judgment.

 The voluntary association which goes by the name of the Democratic Party of Wisconsin is a partisan political organization which is engaged in partisan political activity, including the financing, coordination, and management of political campaigns.

In Oklahoma v. United States Civil Service Commission, 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794 (1947), the Supreme Court discussed the standards given the Commission to determine the kinds of political activity proscribed by the portion of the Act under which Osheim was charged. The court said at page 144, 67 S.Ct. at page 554:

"In order to give the Civil Service Commission adequate standards to measure active participation in political activities, Congress adopted § 15 of the Hatch Act, * * *. By this section Congress made the test of political activity for state employees the same as the test then in effect for employees in the classified civil service. The Commission had at that time determined that 'service on or for any political committee or similar organization is prohibited.' This could only mean that service on such a committee was active participation in politics. * * * "

In United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947), the Supreme Court summarized the broad range of activities permitted and prohibited by the Act and rules of the Commission. This case dealt with the section of the Act which prohibits political activity on the part of Federal employees in the same terms as the section under which Osheim was charged. The court stated at page 100, 67 S.Ct. at page 570:

" * * * It is only partisan political activity that is interdicted. It is active participation in political management and political campaigns. Expressions, public or private, on public affairs, personalities and matters of public interest, not an objective of party action, are unrestricted by law so long as the government employee does not direct his activities toward party success."

On this basis, the Commission concluded that any activity of a politically partisan nature directed toward the success or failure of either party, or any of its candidates, is generally prohibited by the Act. The evidence is clear that Osheim helped to organize and serve a partisan political group which has direct ties with a state political party. Whether that group be called a "club" or "party unit" hardly mitigates the partisan political character of the activity.

The Commission followed the law, and summary judgment must be granted upholding the order of the Commission.

For all the foregoing reasons,

IT IS ORDERED that summary judgment in favor of the defendant-respondent, United States Civil Service Commission, dismissing the appeal of plaintiff-petitioner, Robert T. Osheim, shall be and it hereby is granted, and the appeal of plaintiff-petitioner, Robert T. Osheim, shall be and it hereby is dismissed. The clerk is directed to enter judgment in accordance with this opinion and order.